IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| JASON F. JOHNSON,<br><br>　　　　　　Plaintiff,<br><br>　　vs.<br><br>SIRIUS COMPUTER SOLUTIONS, INC., a Texas Corporation; and CDW, LLC, an Illinois Corporation,<br><br>　　　　　　Defendants. | **8:22CV158**<br><br><br>**ORDER** |

　　　　Plaintiff Jason F. Johnson seeks declaratory judgment that certain provisions of his contracts with his former employers, defendants Sirius Computer Solutions, LLC, and CDW, LLC (the Companies), are against the laws and public policy of the state of Nebraska and therefore unenforceable. Filing 1 at 1. This case is before the Court on the Companies' May 20, 2022, Combined Motion to Dismiss or Alternatively to Transfer. Filing 18. The Motion is granted as to dismissal pending arbitration.

　　　　The Companies' Motion seeks dismissal of Johnsons' claims pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure in favor of arbitration of the parties' dispute, Filing 18-1 at 7; dismissal under 28 U.S.C. § 2201, because Johnson "raced to the courthouse" to file a declaratory judgment action to preempt the Companies' lawsuit, Filing 18-1 at 7; and, in the alternative, transfer of the case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Delaware, where their lawsuit against Johnson is now pending, because the

1

parties agreed that any dispute would be resolved by arbitration or judicial proceedings in Delaware. Filing 18-1 at 15. Johnson filed his Brief in Opposition, Filing 22, stating that he does not resist the Companies' efforts to compel arbitration but opposes dismissal rather than a stay pending arbitration. Filing 22 at 2. Johnson argues dismissal is inappropriate because of "(1) the uncertainty regarding whether all disputes presented in arbitration will be arbitrable, (2) the decision regarding arbitrability will be for the arbitrator to decide, and (3) the pending motion to transfer the Delaware Matter to this Court." Filing 22 at 3. The Companies filed their Reply, Filing 23, reiterating that dismissal is appropriate pending arbitration of the parties' dispute and that dismissal is also appropriate under 28 U.S.C. § 2201 because CDW is the natural plaintiff. Filing 23 at 1.

A valid arbitration clause does not strip the federal court of subject matter jurisdiction, so the appropriate course to seek dismissal pending arbitration is a Rule 12(b)(6) motion or a Rule 56 motion. *Seldin v. Seldin*, 879 F.3d 269, 272 (8th Cir. 2018). "While the Federal Arbitration Act 'generally requires a federal district court to stay an action pending an arbitration, rather than to dismiss it[,] . . . district courts may, in their discretion, dismiss an action rather than stay it where it is clear the entire controversy between the parties will be resolved by arbitration.'" *Sommerfeld v. Adesta, LLC*, 2 F.4th 758, 762 (8th Cir. 2021) (quoting *Green v. SuperShuttle Int'l, Inc.*, 653 F.3d 766, 769–70 (8th Cir. 2011)). One difference between a stay and a dismissal pending arbitration is that a stay is not an appealable final decision. *See Webb v. Farmers of N. Am., Inc.*, 925 F.3d 966, 969 (8th Cir. 2019).

"The arbitrability of a claim turns on '(1) whether the parties entered a valid arbitration agreement, and (2) if so, whether the parties' particular dispute falls within the scope of the arbitration agreement.'" *Sommerfeld*, 2 F.4th at 761 (quoting *Parm v. Bluestem Brands, Inc.*, 898

2

F.3d 869, 873 (8th Cir. 2018)). The Eighth Circuit Court of Appeals has reiterated that by incorporating the AAA Rules in their arbitration agreement, as the parties agree they have done here, Filing 18 at 2; Filing 22 at 2, "the parties agreed to allow the arbitrator to determine threshold questions of arbitrability." *Balvin v. Rain & Hail, LLC*, 943 F.3d 1134, 1137 (8th Cir. 2019) (quoting *Green*, 653 F.3d at 769)). In that situation, "the arbitrator [i]s free to determine any threshold arbitrability questions to the extent they [ar]e at issue." *Id.*

Johnson does not challenge the validity of the parties' arbitration agreements. *See Somerfeld*, 2 F.4th at 761 (first requirement of arbitrability). Johnson argues that there is uncertainty as to whether all disputes presented are arbitrable and the arbitrator will determine that issue. Filing 22 at 3; *see also Somerfeld*, 2 F.4th at 761 (second requirement of arbitrability). The Court finds, however, that Johnson has failed to identify any dispute in this lawsuit (or for that matter in the Companies' suit in Delaware) that is even arguably not arbitrable, so there is no reasonable inference that the arbitrator could decide a relevant claim is not arbitrable. In these circumstances, the Court concludes that the entire controversy between the parties will be resolved by arbitration, and dismissal rather than a stay is appropriate. *Somerfeld*, 2 F.4th at 762. Contrary to Johnson's argument, Filing 22 at 3, the pendency in another court of a motion to transfer another case to this Court is no reason for this Court not to resolve the question before this Court of whether to dismiss or stay this case pending arbitration. This is so, even if the actions in this Court moot a motion to transfer (or some other issue) pending in another court. *See, e.g., McGehee v. Nebraska Dep't of Corr. Servs.*, 987 F.3d 785, 788 (8th Cir. 2021) ("NDCS's challenge to the subpoena has been mooted by the Nebraska Supreme Court order requiring public disclosure. *In re Search Warrants*, 487 F.3d [1190,] 1192 [(8th Cir. 2007)] (magistrate judge's order unsealing documents

rendered moot the appeal from the denial to unseal search warrants in connection with a federal investigation).").

Thus, because there is no showing that the entire controversy between the parties will not be resolved by arbitration, merely a metaphysical doubt, dismissal rather than a stay of this case is appropriate. *Sommerfeld*, 2 F.4th at 762.

Upon the foregoing,

IT IS ORDERED that the Companies' May 20, 2022, Combined Motion to Dismiss or Alternatively to Transfer, Filing 18, is granted to the extent that this case is dismissed pending arbitration, but is otherwise denied as moot.

Dated this 12th day of August, 2022.

BY THE COURT:

Brian C. Buescher
United States District Judge